UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID MARRA,

                                        Plaintiff,

    v.                                                                    Civil Action No. _____

EQUIFAX INFORMATION SERVICES, LLC,


                                        Defendant,

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual damages, statutory damages, punitive damages, costs and attorneys fees based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C.§1681 et seq. ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25§§ 380 et seq.)("NYFCRA").

2. Defendant Equifax Information Services, LLC, (hereinafter Equifax) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff.  Said Defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous information regarding Plaintiff's credit history.

3. Defendant Equifax provided the Plaintiff's credit report, containing erroneous information, to third-parties who used such reports to make creditworthiness determinations about him and, as a result, his credit score was adversely affected and Plaintiff suffered harm in credit denials.

4. Defendant Equifax negligently and willfully violated various provisions of the FCRA and Plaintiff is entitled to an award of actual damages, punitive damages, and attorney's fees and costs.

5. The Plaintiff further alleges that as a direct and proximate result of Defendant Equifax's actions, conduct and omissions, he suffered actual damages including, but not limited to, damage to his ability to obtain credit, pecuniary loss due to his inability to obtain credit, out of pocket-monetary loss, emotional distress, aggravation, and frustration.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court is conferred upon Defendant under the FCRA by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this district under 15 U.S.C. §1681p and U.S.C. §1391(b).

**PARTIES**

9. Plaintiff David Marra is a natural person residing in the City of Niagara Falls, County of Niagara and State of New York.

10. Plaintiff is a "consumer" as defined by §1681a(c).

11. Defendant Equifax is a foreign limited liability company organized and existing under the laws of the State of Georgia and authorized to do business in the state of New York.

12. Defendant Equifax is a "consumer reporting agency," as defined in section 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA to third parties.

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant(s)" herein shall mean the Defendant(s) or an employee of the Defendant(s).

**FACTUAL ALLEGATIONS**

15. That Plaintiff filed for Chapter 13 Bankruptcy in the Western District of New York and said Bankruptcy was discharged on February 9, 2024.

16. That Defendant Equifax reported the Chapter 13 Bankruptcy on Plaintiff' credit report as "Chapter 13, Dismissed/Closed: The bankruptcy petition has been dismissed or closed by or has not been honored by the court. Debtor remains liable for his debts under the terms of the initial contract."

17. That on April 26, 2024, Defendant Equifax began this inaccurate reporting on Plaintiff's credit report and continued the inaccurate reporting through May of 2025.

18. That in July 2024, Plaintiff applied for financing with Rocketloans and Cross River Bank. Plaintiff was subsequently denied on July 30, 2024 for his application for a loan due in part to "derogatory public record."

19. That in or about January 2025, Plaintiff applied for a credit line increase with Capital One and was subsequently denied on January 20, 2025 for his application due in part to "too many delinquent or derogatory credit obligations."

20. That Plaintiff's above stated credit denials are based in part on the inaccurate information listed by Defendant Equifax on the Public Records section of Plaintiff's credit reports.

21. That Plaintiff has suffered anxiety, depression, fear, anxiousness and other emotional distress a result of the improper and inaccurate tradeline remaining on his credit report.

## FIRST CAUSE OF ACTION
### Violation of FCRA §1681e(b)

22. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

23. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C.§1681a(d)

24. Such reports contained entries which were inaccurate, erroneous and false. Defendant Equifax knew, or should have known that the reports contained erroneous information.

25. Defendant Equifax negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C.§1681e(b)

26. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

27. Pursuant to 15 U.S.C.§1681o and 15 U.S.C.§1681n, Defendant Equifax is liable to Plaintiff for statutory damages, actual damages as well punitive damages and his reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of NYFCRA §380-j(e)

28. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

3

29. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

30. Such reports contained numerous entries which were inaccurate, erroneous and false. Equifax knew, or should have known that the reports contained erroneous information.

31. Equifax negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

32. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

33. Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to New York General Business Law §380-m.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for the following relief:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1681n(a)(1);

(c)  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), NYFCRA§380-l(b), and under the common law of the State of New York;

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), NYFCRA§380-m(b), and NYFCRA§380-l(c).

(e)  For such other and further relief as may be just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 24, 2026

/s/Seth J. Andrews_____
Seth J. Andrews, Esq.
The Andrews Firm
43 Court St., Suite 810
Buffalo, NY 14202
716-906-8685
sandrews@theandrewsfirm.com